**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ST. JOSEPH PARTNERS II, LLC, *et al.*,**

**Plaintiffs,** :

**v.**

**PHX Mint, LLC, *et al.*,** :

**Defendants.**

**Case No. 2:25-cv-826**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court on the Joint Motion to Dismiss filed by St. Joseph Partners II, LLC and St. Joseph Manufacturing, LLC ("Plaintiffs"), Defendant Ronald Parr, and Third-Party Defendant Andrew Mason (collectively, the "Moving Parties"). (ECF No. 61.) The Moving Parties state that they executed a settlement agreement resolving all claims, counterclaims, and third-party claims asserted by and against the Moving Parties. Accordingly, they seek to dismiss Messrs. Parr and Mason from this action with prejudice. Mr. Parr also seeks to dismiss his counterclaims against Plaintiffs with prejudice. They further ask the Court to retain jurisdiction over the Moving Parties to enforce the terms of their settlement agreement. They represent that they contacted Defendants PHX Mint, LLC, CRM Mint Holdings, LLC, and Ryan Best regarding this Motion, but those Defendants did not respond.

Federal Rule of Civil Procedure 21 provides that the Court may "at any time, on just terms, add or drop a party." That Rule also allows the Court to dismiss fewer than all claims against a party "on just terms." *See Dix v. Atos IT Sols. & Servs. Inc.*, No. 1:18-cv-275, 2021 WL 1165762, at *1 (S.D. Ohio Mar. 25, 2021) (Cole, J.). When evaluating a motion to dismiss under Rule 21, courts "consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *Igo v. Sun Life Assurance Company of Canada*, 652 F. Supp. 3d 929, 936 (S.D. Ohio 2023) (citation omitted) (Black, J.). Courts thus consider the defendant's effort and expense in preparing for trial, any excessive delay or lack of diligence in prosecuting the action, the sufficiency of the explanation for dismissal, and whether a motion for summary judgment has been filed. *Id.* (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Here, the Moving Parties seek to dismiss Messrs. Parr and Mason from this action pursuant to their settlement agreement. (Mot., PAGEID # 364.) Mr. Parr seeks to dismiss his counterclaims against Plaintiffs for the same reason. (*Id.* at PAGEID # 365.) Settlement is a sufficient explanation for dismissal. There is also no evidence of dilatory conduct by any of the moving parties, discovery is ongoing, and no party has filed a motion for summary judgment. Nor is there evidence of prejudice to the non-moving Defendants, who have not asserted claims against Messrs. Parr or Mason.

For good cause shown, the Court **GRANTS** the Moving Parties' Motion to Dismiss (ECF No. 61) and **DISMISSES with prejudice** Ronald Parr and Andrew

Mason as parties from this action and Mr. Parr's counterclaims against Plaintiffs (ECF No. 39). The Court retains jurisdiction to enforce the terms of the Moving Parties' settlement agreement.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**